NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 15, 2015[*]
Decided June 2, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 15-1038

| | |
|---|---|
| HENRY ROEBEN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 13-cv-641-wmc |
| THE HOME DEPOT U.S.A., INC., *Defendant-Appellee.* | William M. Conley, *Chief Judge*. |

**O R D E R**

Henry Roeben appeals the grant of summary judgment for his former employer, The Home Depot U.S.A., Inc., in this suit under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, asserting that he was fired from his job as a sales associate because of his age (60 at the time). The district court concluded that Roeben failed to

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

establish a prima facie case under the ADEA using either the direct or indirect method. We affirm.

Roeben's suit focuses on the last few months of his employment at a Home Depot in Madison, Wisconsin, where he began working in 2005. In December 2010 a customer complained to Roeben's supervisor that Roeben had refused to help him unscrew a lightbulb in order to inspect a light fixture in the store. Because his refusal to help the customer was considered a major work violation, Roeben's supervisor issued him a written warning marked "final counseling." Then in February 2011, Roeben was seen by three employees (assistant store managers Sarah Lukes and Marcus Kemblowski as well as rental department supervisor Robert Schloss) to be seated at the electrical department service desk, slouched over with his eyes closed, apparently sleeping. After an internal investigation by Home Depot's "Associate Advice and Counsel Group" (an entity that advises store managers on employees' policy violations), Lukes informed Roeben in February 2011 that he was fired. He was replaced by someone who was three years younger.

In 2013 Roeben filed this suit asserting that Home Depot fired him because of his age. According to Roeben's deposition testimony, Kemblowski told him after he was informed by Lukes that he was fired, "Well, if you would have been a part-time employee, I wouldn't have targeted you" and, "Your age, you should have been working part-time." The district court eventually granted Home Depot's motion for summary judgment, concluding that Kemblowski's statement did not constitute "smoking gun" evidence under the direct method that Home Depot had fired him because of his age. Roeben disputed neither Home Depot's proposed findings of fact nor the declarations of Lukes and Kemblowski denying that Kemblowski made the age-related comment. Roeben also could not establish a prima facie case of age discrimination under the indirect method, the court explained, because he did not identify a younger, similarly situated employee who received better treatment. And even if he could establish a prima facie case, he did not dispute Home Depot's nondiscriminatory reason for firing him—that he had been reported sleeping on the job and ignoring customers.

On appeal Roeben asserts generally that summary judgment was improper because the three witnesses who reported him sleeping on the job and ignoring customers were lying. But Roeben does not develop this argument or identify evidence in the record to support it, *see* FED. R. APP. P. 28(a)(8)(A) (requiring that appellant's brief include reasons for contentions "with citations to the authorities and parts of the record

on which" the appellant relies); *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013). In any event the district court was correct that Roeben presented no evidence that a younger employee was treated better under similar circumstances, that Home Depot's reason for firing him was pretext, or that Kemblowski's statement somehow was a "smoking gun" for purposes of the direct method of proof. *See* FED. R. CIV. P. 56(c)(1)(A) (disputed facts must be supported by evidence in record); *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009). Roeben's primary evidence of age discrimination was his deposition testimony that Kemblowski told him he should have been working part-time because of his age. But whether Kemblowski said this (recall his denial, as well as Lukes's) is immaterial, *see Scott v. Harris*, 550 U.S. 372, 380 (2007) (explaining that summary judgment cannot be defeated unless factual dispute is *material*), because Roeben did not dispute Home Depot's proposed factual findings that a different supervisor had given him a final disciplinary warning two months earlier, that Lukes and Schloss also had reported him sleeping on the job and ignoring customers, or that the decision to fire him had been recommended by Home Depot's advice and counsel group.

AFFIRMED.